IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Lewis T. Babcock, Judge

Civil Action No. 11-cv-02308-LTB-MEH

GERALD E. VANINETTI,

     Plaintiff,

v.

WESTERN POCAHONTAS PROPERTIES LIMITED PARTNERSHIP, GREAT NORTHERN
PROPERTIES LIMITED PARTNERSHIP, and GREAT NORTHERN PROJECT
DEVELOPMENT, L.P.,

     Defendants.

---

## ORDER

---

     This case is before me on Defendants' Motion to Dismiss [Doc # 5].  After consideration of the motion, all related pleadings, and the case file, I grant Defendants' motion in part and deny it in part for the reasons set forth below.

### I.  Background

     This action arises out of an Agreement and Release (the "Agreement") that Plaintiff entered into with Defendant Western Pocahontas Properties Limited Partnership ("WPPLP") upon the termination of his employment as president of affiliated entities Defendant Great Northern Properties Limited Partnership ("GNP") and Great Northern Project Development, L.P. ("GNPD") in September of 2004.  During his employment, Plaintiff oversaw two power generation projects: the South Heart Project in North Dakota and the Nelson Creek Project in Montana.

     The Agreement provides that WPPLP would pay Plaintiff

     a single payment of $200,000, less legal deductions, once [GNPD] or one of its
     affiliates recoups its costs, inclusive of the $200,000 payment provided herein, on
     either the Nelson Creek ... [P]roject or the South Heart ... [P]roject, or on both,
     provided however, that such cost recoupment occurs on or before December 31,
     2009.  This amount will be paid within 10 days of such cost recoupment.  In the
     event such cost recoupment occurs on both projects, WPPLP will only be

obligated to make a single payment.

*See* Ex. 1 to Complaint, § 2, ¶ B.

The Agreement does not define the term "costs." Plaintiff contends that he understood this term to mean those costs that had been incurred in connection with the South Heart Project and the Nelson Creek Project as of the date of his termination in the approximate amount of $3.8 million. Plaintiff also contends that he understood that Defendants intended to sell both projects without incurring additional costs. Based on this understanding, Plaintiff asserts that Defendants recouped all of their costs on the South Heart Project and the Nelson Creek Project as of December 31, 2009 thereby triggering WPPLP's obligation to pay him $200,000 under the terms of the Agreement.

To the contrary, Defendants contend that the term "costs" was not limited by date and that they have no obligation pay Plaintiff $200,000 under the terms of the Agreement because the total amount of costs incurred had not been recovered on either the South Heart Project or the Nelson Creek Project as of December 31, 2009.

Plaintiff asserts claims against Defendant WPPLP for breach of contract and against all Defendants for breach of the implied duty of good faith and fair dealing and unjust enrichment.

### III.  Standard of Review

Under Rule 12(b)(6), "[d]ismissal is appropriate only if the complaint, viewed in the light most favorable to plaintiff, lacks enough facts to state a claim to relief that is plausible on its face." *United States ex rel. Conner v. Salina Regional Health Center,* 543 F.3d 1211, 1217 (10th Cir. 2008) (quotations and citations omitted). A claim is plausible on its face "when the plaintiff pleads factual content that enables the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (*citing Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 556 (2007)). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

"[I]n general, a motion to dismiss should be converted to a summary judgment motion if a party submits, and the district court considers, materials outside the pleadings." *Prager v. LaFaver,* 180 F.3d 1185, 1188 (10th Cir. 1999). In ruling on a Rule 12(b)(6) motion to dismiss, however, a court may properly consider facts subject to judicial notice such as court files and matters of public record, as well as documents referred to in the complaint if the documents are central to the plaintiff's claim and their authenticity is not disputed. *Grynberg v. Koch Gateway Pipeline Co.,* 390 F.3d 1276, 1279 n.1 (10th Cir. 2004) (citations omitted); *Jacobsen v. Deseret Book Co.,* 287 F.3d 936, 941 (10th Cir. 2002).

Both parties have submitted affidavits to support their arguments on Defendants' motion. In the exercise of my discretion, I decline to consider these affidavits. *See Lowe v. Town of Fairland, Okla.,* 143 F.3d 1378, 1381 (10th Cir. 1998) (recognizing the broad discretion of courts in determining whether to accept materials outside of pleadings in context of motion to dismiss). Instead, I limit my analysis to the allegations in Plaintiff's Verified Complaint, the language of the attached Agreement, and the standard applicable to Rule 12(b)(6) motions.

## IV. Analysis

### A. Plaintiff's Claim for Breach of Contract

Defendants argue that Plaintiff's claim for breach of contract fails to state a claim upon relief may be granted because the meaning of the term "costs" in the Agreement is clear and unambiguous as a matter of law and Plaintiff's interpretation of this term is therefore not plausible. I disagree.

Defendants' argument is based on the basic principle that clear and unambiguous contractual provisions must be construed in accordance with the plain meaning of the words used. *See Level 3 Commc'ns, LLC v. Liebert Corp.,* 535 F.3d 1146, 1154 (10th Cir. 2008). Plaintiff's interpretation of the term "costs," however, does not alter the plain meaning of this term but adds context in terms of time frame and intended scope of the associated power generation projects. Furthermore, extrinsic evidence may be considered in determining whether

a contractual provision is clear and unambiguous. *Id.* at 1155.

"A contract is ambiguous if it is fairly susceptible to more than one interpretation." *Id.* (*quoting East Ridge of Fort Collins, LLC v. Larimer & Weld Irrigation, Co.,* 109 P.3d 969, 974 (Colo. 2005)). In the absence of a definition of the term "costs" in the Agreement, I conclude that Plaintiff's interpretation of that term is plausible, and Defendants are therefore not entitled to judgment as a matter of law that WPPLP did not breach the Agreement by not paying Plaintiff $200,000.

**B. Plaintiff's Claim for Breach of the Implied Duty of Good Faith and Fair Dealing**

Defendants argue that Plaintiff's claim for breach of the implied duty of good faith and fair dealing fails to state a claim upon which relief may be granted because the Agreement gave Defendants no discretion with respect to WPPLP's obligation to pay Plaintiff $200,000 upon recoupment of the costs associated with the South Heart Project and/or the Nelson Creek Project. I disagree.

"The duty of good faith and fair dealing applies when one party has discretionary authority under a contract to determine certain terms of the contract, such as quantity, price, or time." *Amoco Oil Co. v. Ervin,* 908 P.2d 493, 498 (Colo. 1995) (citation omitted). Discretionary authority "refers to one party's power after contract formation to set or control the terms of performance." *Id.* (citation omitted). The implied duty of good faith and fair dealing may not, however, be used to contradict contractual terms or conditions for which the parties bargained. *Id.*

Defendants argue that they had no discretion under the Agreement because by its clear and unambiguous terms WPPLP was only obligated to pay Plaintiff $200,000 if it recouped all of its costs on the South Heart Project and/or the Nelson Creek Project by December 1, 2009. Plaintiff argues, however, that Defendants had discretion to determine which expenses constituted "costs," a term that is undefined in the Agreement; when revenue was generated on the projects; and whether to keep Plaintiff apprised of their recoupment of costs.

-4-

Defendants' alleged failure to keep Plaintiff apprised of their recoupment of costs is irrelevant to WPPLP's $200,000 payment obligation under the Agreement.  Nonetheless, this alleged failure highlights why it would be premature to dismiss Plaintiff's claim for breach of the implied duty of good faith and fair dealing at this stage in the proceedings when there is little information before the Court about the nature of Defendants' costs on the projects or the nature of the income that they generated.  Further evidence on these issues may well establish that Plaintiff does not have a viable claim for breach of the implied duty of good faith and fair dealing against any of the Defendants.  At present, however, Plaintiff has plausibly pled such a claim, and Defendants' motion to dismiss this claim must be denied.

**C.  Plaintiff's Claim for Unjust Enrichment**

Defendants argue that Plaintiff's claim for unjust enrichment fails to state a claim upon which relief may be granted because the Agreement addresses the issue in dispute.  In response, Plaintiff implicitly concedes that this argument precludes his unjust enrichment claim against Defendant WPPLP but asserts that it has no merit with respect to Defendants GNP and GNPD because these Defendants are not parties to the Agreement.  I agree that Plaintiff has stated a plausible claim for unjust enrichment against Defendants GNP and GNDP.

Because Defendants GNP and GNDP are not parties to the Agreement, Plaintiff's unjust enrichment claim against these Defendants covers conduct outside the Agreement and is therefore not precluded by the mere fact that the Agreement addresses the same subject matter. *See Interbank Investments, LLC v. Eagle River Water & Sanitation Dist.,* 77 P.3d 814, 816 (Colo. 2003) (recognizing that a party can recover under unjust enrichment theory when underlying quasi or implied-in-law contract covers conduct outside the express contract).

To prevail on his claim for unjust enrichment, Plaintiff must prove that (1) at Plaintiff's expense (2) Defendants GNP and GNDP received a benefit (3) under circumstances in which it would be unjust for these Defendants to retain the benefit without paying for it.  *Salzman v. Bachrach,* 996 P.2d 1263, 1256-66 (Colo. 2000).

Plaintiff alleges that he conferred a benefit on Defendants GNP and GNDP by not pursuing legal claims, including claims for wrongful termination and age discrimination, against them and by entering into a non-compete agreement (*see* Agreement, ¶ 9) in exchange for a reasonable opportunity to receive the $200,000 payment set forth in Section 2, Paragraph B of the Agreement. *See* Verified Complaint, ¶34. Plaintiff argues that it would be unjust to allow Defendants GNP and GNDP to retain this benefit when they unfairly denied him the opportunity to receive the $200,000 by interpreting the term "costs" and timing their recoupment to his disadvantage. Plaintiff has thus plausibly pled the elements of an unjust enrichment claim against Defendants GNP and GNDP. Plaintiff's unjust enrichment claim against Defendant WPPLP, however, is not viable and shall be dismissed with prejudice.

### IV.  Conclusion

For the reasons set forth above, IT IS HEREBY ORDERED that:

1.  Defendants' Motion to Dismiss [Doc # 5] is GRANTED IN PART AND DENIED IN PART;

2.  Plaintiff's unjust enrichment claim against Defendant WPPLP is hereby DISMISSED WITH PREJUDICE; and

3.  Defendants' Motion to Dismiss is denied with respect to all other claims set forth in Plaintiff's Verified Complaint.


Dated: September 24, 2012 in Denver, Colorado.


                              BY THE COURT:

                               s/ Lewis T. Babcock
                              LEWIS T. BABCOCK, JUDGE